UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUIS MENDOZA-ZAMORA,

Petitioner,

v.

UNITED STATES OF AMERICA, *et al.*,

Respondents.

Case No. C26-2706-MLP

ORDER

On July 30, 2026, Petitioner Luis Mendoza-Zamora filed the instant habeas action under 28 U.S.C. § 2241, challenging his detention by U.S. Customs and Immigration Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). (Dkt. # 1.)

On August 18, 2026, the Court entered a scheduling order directing Respondents to file a return to the petition by September 1, 2026, and Petitioner to file a traverse by September 15, 2026. (Dkt. # 9.) The Order required Respondents to provide Petitioner and the Court at least seven days' notice prior to any action to remove or transfer Petitioner from this District, and to "file a notice on the docket if the transfer or removal is completed." (*Id.* at 2.)

On August 27, 2026, Respondents filed a notice that they intended to remove Petitioner from the United States after seven days. (Dkt. # 12.)

On September 1, 2026, Respondents filed their return. (Dkt. # 13.) Petitioner did not file a traverse. The Court then ordered Respondents to file a status update. (Dkt. # 16.)

On September 17, 2026, Respondents filed a notice that Petitioner had been removed to Mexico on September 13, 2026. (Dkt. # 17.)

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Petitioner's claim for immediate release is moot as he has now been removed from the United States and is no longer in custody. (*See* dkt. # 5.) "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Petitioner's federal habeas petition sought only release from detention, his claims have been fully resolved and, there is no collateral consequence that could be redressed by the Court. *See id.*

Accordingly, the Court DISMISSES Petitioner's petition for writ of habeas corpus (dkt. # 5) as moot.

Dated this 21st day of September, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge